IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CANDACE PAIGE BELL,         § | |
|     PETITIONER,         § | |
|     § | |
| V.         § | CIVIL NO. 3:21-CV-176-S-BK |
|     § | |
| DAVID LOPEZ, ET AL.,         § | |
|     RESPONDENTS.         § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Candace Paige Bell filed her *Amended Petition for an Extraordinary Writ of Habeas Corpus* on January 29, 2021. Doc. 4.[1] Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the petition was referred to the undersigned United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Whether construed as a petition for a writ of habeas corpus or a non-habeas civil complaint, Bell's *Amended Petition for an Extraordinary Writ of Habeas Corpus* should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

Bell's petition is difficult to follow but stems primarily from state court proceedings in which she was deprived of the custody of her child. Bell contends that the state-court order that removed her child from her custody ("the Order"), violates her rights under the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution. Doc. 4 at 4. Bell contends the state

---

[1] On January 22, 2021, Bell filed her initial *Petition for an Extraordinary Writ of Habeas Corpus*, Doc. 7, and has since filed two amended petitions, Doc. 3 & Doc. 4. By rule, Bell's most recent petition is the operative pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (holding that amended complaint supersedes the original).

court "has so far departed from the accepted and usual course of judicial proceedings" as to warrant relief here. Doc. 4 at 4. Bell's complaint alleges, *inter alia*, that: (1) the state court acted without jurisdiction, retaliated against her, harassed her, and failed to dispose of the matter as law and justice require, Doc. 4 at 9; (2) the state-court judge abused his contempt power and improperly had her taken into custody after she attacked the validity of the Order, Doc. 4 at 9; and (3) as a result of the contempt finding, she was held in jail during "the high risk Covid-19 outbreak" for six months for violating the Order that the state court lacked the authority to impose in the first place. Doc. 4 at 10.

As relief, Bell seeks "an Extraordinary Writ of Habeas Corpus requiring that the child be brought before the court to determine whether the government has the right to infringe upon the parent's and the child's rights, so that the judge can decide who has a superior right to possession of the child." Doc. 4 at 12-13. She also requests an order declaring that she has the right to possession of the child, as well as the issuance of temporary restraining orders "for the conservatorship of the child under Chapter 105 of the Texas Family Code in a suit affecting the parent-child relationship at the same time." Doc. 4 at 13. Bell has filed a separate motion requesting a hearing. Doc. 13.

Upon review, Bell is not entitled to the relief she seeks in this Court.

## II. ANALYSIS

### A. "Custody" Requirement

To the extent Bell's petition seeks a writ of habeas corpus, this Court lacks jurisdiction to consider it. Two statutes govern the federal writ of habeas corpus: 28 U.S.C. § 2241 and 28 U.S.C. § 2254. While Bell does not specify whether her habeas petition is brought under § 2241

or § 2254,² she can only seek habeas relief if she "is 'in custody' under the conviction or sentence under attack at the time [her] petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (discussing 28 U.S.C. §§ 2241(c)(3), 2254(a)). This is because the "sole function [of habeas] is to grant relief from unlawful imprisonment or custody…" *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). "Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty...." *Zolicoffer v. United States*, 315 F.3d 538, 540 (5th Cir. 2003) (quoting *Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000)). While physical detention "is no longer required for a petitioner to meet the custody requirement and obtain habeas relief," *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005), "some concept of ongoing control, restraint, or responsibility by the custodian" must be present. *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003).

     Bell wholly fails to establish that she is in custody or restrained in any way. Indeed, as best the Court can determine from her pleadings, she suggests that it is her child, not she, who is "in custody." Doc. 4 at 2-3, 12-13. While her petition fleetingly refers to her previous jail stay for violation of a protective order entered in the custody proceedings, Doc. 4 at 9, she does not even suggest that the relief she seeks is related to that confinement. There also is no indication that she is still confined on the state contempt charge or that there is any other significant restraint on her liberty. *See Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (holding that the custody requirement is satisfied when the petitioner is subjected to severe restraints on liberty not

---

² Generally, § 2241 applies to more situations than § 2254, which applies to "a person in custody pursuant to the judgment of a state court" who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3

shared by the general public). Because Bell is not in custody, this Court lacks jurisdiction over her petition for a writ of habeas corpus, and it should be dismissed on that basis.

### B. *Rooker-Feldman* Doctrine

Construing Bell's petition to assert claims that her civil rights were violated in or in relation to the prior state court proceedings, such claims are barred by the *Rooker-Feldman* doctrine.[3] The *Rooker-Feldman* doctrine is jurisdictional and "holds that inferior federal courts do not have the power to modify or reverse state court judgments" except when authorized by Congress. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted). "A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curium) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citation and internal quotation marks omitted)). "A claim is 'inextricably intertwined' with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Bell explicitly requests that this Court declare that she has superior right to possession of her child, thereby invalidating orders issued in the state court custody proceedings. Doc. 4 at 12-13. As such, her claims clearly fall within the ambit of the *Rooker-Feldman* doctrine, and this

---

[3] The doctrine and its title arises from decisions in two cases--*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

4

Court lacks jurisdiction to consider them. *See, e.g. Glatzer v. Chase Manhattan Bank,* 108 F. App'x 204, 2004 WL 2091406, at *1 (5th Cir. Sept. 20, 2014) (per curiam) (affirming "the district court's application of the *Rooker-Feldman* doctrine" to dismiss a plaintiff's constitutional claims implicating a California custody and child support order because those claims were "inextricably intertwined with the state court order" (citations omitted).

### III. CONCLUSION

For the foregoing reasons, Bell's *Amended Petition for an Extraordinary Writ of Habeas Corpus*, Doc. 4, should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on May 12, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).